## MAXIMOVICH *v.* WOJTOWICZ.

1. LIS PENDENS—NOTICE OF WHAT IS INVOLVED—INTEREST SUB-SEQUENTLY ACQUIRED SUBORDINATE TO RIGHTS OF PARTIES.

   While *lis pendens*, filed at the commencement of a suit, was notice of what was therein involved, it did not annul the interests which were thereafter acquired in the land to which it referred, but merely rendered them subordinate to the rights of the parties as determined by the decree.[1]

2. SAME—ONE SUBSEQUENTLY OBTAINING INTEREST ENTITLED TO INTERVENE.

   Although one acquires an interest in land after suit is started and *lis pendens* filed, he has a right to be heard, and, on petition, should be allowed to intervent and his rights protected so far as consistent with the rights of the other parties.[2]

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted October 8, 1926. (Docket No. 48.) Decided December 8, 1926.

Bill by Sam Maximovich and another against Albert Wojtowicz and others to set aside an exchange of property on the ground of fraud. There was a decree for plaintiffs. From an order denying a petition to intervene, William Noll appeals. Reversed and remanded.

*Benedict H. Lee,* for petitioner.

*Lippman & Ver Wiebe,* for plaintiffs.

McDONALD, J. This is an appeal from an order of the circuit court for Wayne county denying the petition of William Noll to be allowed to intervene in the above-entitled cause. The plaintiffs were the owners of certain premises on Knodell street in the city of De-

[1]Lis Pendens, 38 C. J. §§ 1, 88, 91, 109; [2]Id., 38 C. J. §§ 109, 114.

troit.   The defendants, Albert Wojtowicz and Maria Wojtowicz, his wife, owned a farm in Sanilac county, which they had sold to Stanislaw Kubicki on land contract, on which a balance of $5,725 remained unpaid. The plaintiffs exchanged their Knodell street property for the farm.   Subsequently, Albert Wojtowicz and Maria Wojtowicz conveyed the Knodell street property to defendants John Davidowski and Nellie Davidowski, as the down payment on a land contract for the purchase of certain property on Nagel street, in the city of Hamtramck, Michigan.   The Nagel street property was thereafter conveyed to one John Anuszewski and by him sold to the petitioner, William Noll.

The plaintiffs filed their bill to have the transaction with Albert Wojtowicz and Maria Wojtowicz set aside on the ground of fraud, and, in the event that such relief could not be granted because of intervening rights, that the plaintiffs' damages be determined and a lien therefor be impressed on the Sanilac farm, and the Nagel street property.   A *lis pendens* was filed at the beginning of suit.   Before this Anuszewski had purchased the Nagel street premises, but sold it on contract to the petitioner Noll after the *lis pendens* was filed.   Neither Anuszewski nor Noll were named in the summons and were not made parties to the suit.

On the hearing the court found that the conveyance of the Knodell street property was induced by the fraud of Albert Wojtowicz and Maria Wojtowicz, but did not set it aside because the property had passed to John Davidowski and Nellie Davidowski, who were held to be innocent purchasers for value.   Instead, the plaintiffs were given a money decree of $2,500 and a lien upon the Sanilac farm and the Nagel street property to secure its payment.   The decree further provided that all assignments and conveyances of the Nagel street property by Albert Wojtowicz and Maria Wojtowicz should be set aside because they were made

in fraud of the plaintiffs' rights.    This provision of the decree entirely wiped out the interests of Anuszewski and Noll in the Nagel street property.

The petitioner claims that he had no actual knowledge of the suit until after the decree, and that he then promptly filed his petition for leave to intervene. The petition was denied for the reason that a notice of *lis pendens* had been filed before he acquired his interest in the property.    It is true that Mr. Noll acquired his rights in the Nagel street property after the suit was started and *lis pendens* filed.    The *lis pendens* was notice to him of what was involved in the suit.    It did not annul the interests which he acquired, but merely rendered them "subordinate to the rights of the parties to the action as determined by the judgment or decree."    38 C. J. p. 63.    His title to the property acquired pending the litigation was not involved in the suit except so far as was necessary to subordinate it to the rights of the plaintiffs.    To do this the court need not have entirely divested him of his title.    Yet the decree set aside the conveyance to him and revested the title in Wojtowicz, who had been found guilty of fraud.    This was of no benefit or advantage to the plaintiffs and was not a result that Noll was bound to anticipate from the *lis pendens*. He derived his title from John Anuszewski, who purchased it before the *lis pendens* was filed.    Neither were parties to the suit and neither had an opportunity to defend his title.    Under the circumstances, we think the court should have permitted Mr. Noll to intervene.

The order of the circuit court is reversed and the cause remanded for such further proceedings as may be necessary to determine the petitioner's rights.    The petitioner will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.